[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

—————————

No. 04-12692

—————————

BIA No. A79-478-082

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2005
THOMAS K. KAHN
CLERK

LAZARO AMAYA LA PUENTE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

—————————

Petition for Review of an Order
of the Board of Immigration Appeals

—————————

**(December 13, 2005)**

Before DUBINA and KRAVITCH, Circuit Judges, and STROM*, District Judge.

_____

*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

PER CURIAM:

Petitioner Lazaro Amaya La Puente ("Amaya") petitions for review of a final order of removal entered by the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed the decision of the immigration judge ["IJ"] denying Amaya's applications for asylum, withholding of removal under the Immigration and Nationality Act ("INA") and Convention Against Torture ("CAT"), deferral of removal under the CAT, and ordering him to be removed from the United States.

"When the BIA summarily affirms the [IJ's] decision without an opinion, the [IJ's] decision becomes the final removal order subject to review." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). The court reviews administrative findings of fact under the highly deferential substantial evidence standard. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004). Accordingly, "findings of fact made by [the agency] may be reversed by this court only when the record compels reversal . . . . *Id.* at 1027. The court reviews the agency's interpretation of the INA *de novo*, but defers to the agency's interpretation "if it is reasonable." *Farquharson v. U.S. Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001).

The record demonstrates that Amaya is removable as an alien who engaged in activity to violate any law of the U.S. relating to espionage. Specifically, the

record shows that Amaya had knowledge of the espionage tactics of the Cuban government and that he failed to register with the Attorney General under 50 U.S.C. § 851.

Second, substantial evidence supports denying the withholding of Amaya's removal as a persecutor. In his role as a guard at the United States Interests Section, Amaya revealed the names of dissidents and political opponents to Cuban authorities.

Third, substantial evidence supports the IJ's adverse credibility determination. There were clearly material inconsistencies and discrepancies in Amaya's testimony.

Concerning Amaya's alleged eligibility for asylum based on a well-founded fear of future persecution in Cuba, the record does not support that anyone in Cuba has any interest in Amaya or in persecuting him on account of a protected ground.

Finally, the record is devoid of any credible evidence that if returned to Cuba, Amaya will be tortured.

Based on the foregoing reasons, we deny the petition for review.

**PETITION DENIED.**

3